IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HAROLD V. GASKILL III, et al. | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No.  SA-13-CV-665-XR |
| VHS SAN ANTONIO PARTNERS LLC, et al. | § § § § | |
| *Defendants*, | § § § § | |

**ORDER**

On this date the Court considered its jurisdiction over this case. This Court has a duty to examine its subject matter jurisdiction, and must do so *sua sponte* when necessary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).  On July 23, 2013, plaintiffs Harold V. Gaskilll III M.D. and Harold V. Gaskill III, M.D. P.A. filed an original complaint in this Court. The complaint seeks damages for a "bad faith peer-review under the Health Care Quality Improvement Act of 1986." Compl. ¶ 12.  Plaintiffs assert that jurisdiction is proper under 28 U.S.C. § 1331.[1]

This Court has jurisdiction over federal question cases where the cause of action is created by federal law. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986). In addition, there is subject matter jurisdiction when a state law cause of action raises a

---

1. Plaintiffs cite to 28 U.S.C. § 1332 (diversity jurisdiction), but the complaint makes it evident that they intended to reference 28 U.S.C. § 1331 (federal question jurisdiction).

1

"contested and substantial federal question," *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg*. 545 U.S. 308 (2005).

The text of the Health Care Quality Improvement Act ("HCQIA") does not expressly create a private cause of action. 42 U.S.C. §11101-11152. Other courts that have considered the issue have declined to find a private right of action in the HCQIA. *Carr v. United Reg'l Health Care Sys., Inc.*, 2006 WL 2370670 (N.D. Tex. 2006). In addition, there does not appear to be a substantial issue of federal law that is intertwined with the state law causes of action. In this case, plaintiff alleges defamation, business disparagement, and intentional infliction of emotional distress. While the substantive standards for physician conduct set by the HCQIA may be relevant to these state law claims, the complaint does not allege a substantial question regarding the HCQIA itself. The HCQIA provides immunity for physicians who participate in "professional review actions," 42 U.S.C. § 11111. Plaintiffs assert that the defendants are not eligible for HCQIA immunity. Compl. ¶ 43. However, it is well-settled that anticipating a federally-created defense to a state law claim does not confer federal question jurisdiction. *Louisville & Nashville Railroad Company v. Mottley*, 211 U.S. 149 (1908). The complaint does not sufficiently establish that the claims in this case "arise under" federal law. Accordingly, Plaintiffs are ordered to show cause in writing on or before **August 29, 2013**, why this case should not be dismissed for lack of subject matter jurisdiction.

SIGNED this 14th day of August, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE