IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HAROLD V. GASKILL III, et al. § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | Civil Action No.  SA-13-CV-665-XR |
| § | |
| VHS SAN ANTONIO PARTNERS LLC, et § | |
| al. § | |
| § | |
| *Defendants*, § | |
| § | |
| § | |

**ORDER**

On this date the Court considered its jurisdiction over this case.  For the foregoing reasons, the case is DISMISSED for lack of subject matter jurisdiction.

**BACKGROUND**

Plaintiff Harold V. Gaskill III M.D. is a surgeon who possessed operating privileges at Defendant North Central Baptist Hospital.  After several alleged incidents involving the quality of care received by Dr. Gaskill's patients, he was suspended by the hospital on December 7, 2011. Compl. ¶ 14.  The suspension was lifted on June 3, 2013.  In the interim, however, Dr. Gaskill claims that the Defendants acted in bad faith during their review of his conduct and professional capabilities.  On July 23, 2013, Plaintiffs[1] filed an original complaint in this Court.  The Complaint alleges jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) "in that this suit is based upon violations of the Health Care Quality Improvement Act of 1986." ("HCQIA") Compl. ¶ 10.  Plaintiffs also allege "pendant" state law claims for

---

[1] Plaintiff Harold V. Gaskill III M.D. is joined in this lawsuit by his professional association, Harold V. Gaskill III M.D. P.A.

1

breach of contract, defamation, business disparagement and intentional infliction of emotional distress. *Id*.

This Court is under an obligation to ensure that it has subject matter jurisdiction. *Howery v. Allstate Ins. Co*., 243 F.3d 912, 919 (5th Cir. 2001). The text of the HCQIA does not expressly create a private cause of action. 42 U.S.C. §11101-11152. Other courts that have considered the issue have declined to find a private right of action in the statute. *Singh v. Blue Cross/Blue Shield of Massachusetts, Inc.*, 308 F.3d 25, 45 n. 18 (1st Cir. 2002); *Hancock v. Blue Cross-Blue Shield of Kansas, Inc.*, 21 F.3d 373, 374-75 (10th Cir. 1994); *Bok v. Mut. Assurance, Inc.*, 119 F.3d 927, 928-29 (11th Cir. 1997); *Wayne v. Genesis Med. Ctr.*, 140 F.3d 1145, 1148 (8th Cir. 1998); *Carr v. United Reg'l Health Care Sys., Inc*., 2006 WL 2370670 (N.D. Tex. 2006). Without a cause of action under the HCQIA, Plaintiffs are left with four state law claims.[2] Although the Complaint alleges that Defendants are not eligible for HCQIA immunity, it did not appear to raise substantial questions of federal law. Accordingly, this Court ordered the Plaintiffs to show cause why the case should not be dismissed for lack of subject matter jurisdiction. Doc. No. 4. Plaintiffs filed a response to this order on August 29, 2013. After careful consideration, the Court must dismiss the case.

## ANALYSIS

This Court has jurisdiction over federal question cases where the cause of action is created by federal law. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986). Plaintiffs agree with the weight of authority that holds that the HCQIA does not confer a private right of action. Doc. No. 8. However, this does not end the inquiry. Section 1331 also

---

[2] Despite the lack of a private right of action, HCQIA issues are not infrequently litigated in federal court. Many of these HCQIA issues arise in cases where jurisdiction is proper under another federal statute. For example, in *Sugarbaker v. SSM Health Care*, 190 F.3d 905, 908 (8th Cir. 1999), a case which dealt largely with the HCQIA, jurisdiction existed because Plaintiff had brought suit under federal antitrust laws.

confers jurisdiction when a state law cause of action raises a "contested and substantial federal question." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg*. 545 U.S. 308 (2005).  Other federal district courts that have considered this issue have found that the applicability of HCQIA immunity to state law claims is not a "substantial" issue of federal law. *Shah v. Palmetto Health Alliance,* 2006 WL 3230755 (D.S.C. Nov. 6, 2006) (Holding *Grable* inapplicable to HCQIA claims because doing so would shift too many cases from state to federal court in contravention of clear congressional intent);  *Murfin v. St. Mary's Good Samaritan, Inc*., 2013 WL 1663866 (S.D. Ill. Apr. 17, 2013); *MacManus v. Chattanooga-Hamilton Cnty. Hosp. Auth.,* 2008 WL 2115733 (E.D. Tenn. May 19, 2008).

    1.   The Complaint Anticipates a Federal Defense

In this case, Plaintiffs allege four state law causes of action.  The only purported federal issue comes from Plaintiffs' allegation that that the Defendants are not eligible for HCQIA immunity. Compl. ¶ 43.  It is well-settled that anticipating a federally created defense to a state law claim does not confer federal question jurisdiction. *Louisville & Nashville Railroad Company v. Mottley*, 211 U.S. 149 (1908).  Plaintiffs concur with this statement of the law, but argue that they have sufficiently pled a federal question by incorporating into their claim the allegation that Defendants are not eligible for HCQIA immunity. Doc. No. 8 at 3.  Plaintiffs justify this assertion by claiming that "the resolution of the federally based immunity defense goes to the very heart of the Defendant's ability to defend this claim." *Id.* at 2.

The requirements of the well-pleaded complaint rule generally do not yield even when resolution of the federal defense is necessary to the defendants' case. *Mottley*, 211 U.S. 149.  In *Mottley,* Plaintiffs' ability to recover on their state law contract claim was entirely

dependent on the constitutionality of the anticipated federal defense. Plaintiffs here find themselves similarly situated to Mr. and Mrs. Mottley inasmuch as their right to recover on a state law claim could entirely depend on the applicability of a federally created defense. The rule established in *Mottley,* however, is that the centrality of the anticipated federal defense to the litigation does not change the well-pleaded complaint rule. Nor is there merit in the contention that Defendants have conferred subject matter jurisdiction by actually asserting the federal defense in their Motion to Dismiss. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 830 (2002). Plaintiffs asserting jurisdiction under § 1331 must plead federal issues other than those related to an anticipated defense in their complaint. In this case, Plaintiffs have failed to do so.[3]

### 2. The Complaint Does Not Raise a Substantial Question of Federal Law

Plaintiffs next argue that "under *Merrell Dow* … the necessity to resolve a substantial issue of federal law clearly forms the basis for federal question subject matter jurisdiction." Doc. No. 8 at 4. In *Merrell Dow*, the Supreme Court confronted the question of whether jurisdiction existed over a state law tort claim which alleged a violation of federal statute as evidence of negligence *per se*. Relying heavily on the fact that Congress had expressly declined to create a private remedy (as is the case here), the Court found that jurisdiction was lacking. The decision in *Merrell Dow* created some uncertainty as to when, if ever, a state law cause of action could "arise under" federal law for jurisdictional purposes.

The Court returned to this issue in *Grable*, 545 U.S. 308, a case which lends more support to Plaintiffs' argument than does *Merrell Dow*. In *Grable*, the Court held that § 1331

---

[3] Asserting that the federal defense does not apply is, by definition, anticipating the federal defense. It is not pleading a federal question.

conferred jurisdiction over a state law quiet title action, despite the absence of a federal cause of action. Grable had brought suit to quiet title to land that Darue had bought at a tax sale from the Internal Revenue Service ("IRS"). Grable asserted that the sale to Darue had been invalid because the IRS had not personally served him with notice of the tax sale, and instead had sent the notice by certified mail. The federal question in that case was whether the governing statute (26 U.S.C. § 6335) required personal service. This question involved a one-time interpretation of what Congress intended in the statute. The Court clarified that state law claims only arise under federal law when they "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. Later cases have limited Grable's scope to the "special and small category" of state-law claims that raise important federal issues. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677 (2006).

Plaintiffs assert that "almost every" claim for a bad faith peer review necessarily requires overcoming the HCQIA's presumption of immunity for physicians. Doc No. 8. The purported federal question is therefore not a one-time question of statutory interpretation (as in *Grable*) but an exercise in applying facts to federal standards of behavior (as in *Merrell Dow*). Plaintiff has not specified how this case raises a "substantial" issue of federal law. The Court recognizes that the federal issue may be "substantial" to the parties in this litigation, but that alone does not make it a "substantial" issue of federal law under *Grable*. In addition, Plaintiffs have failed to articulate what federal interest would be served by resolving these cases in federal court.

Plaintiff's theory is that almost every state law claim relating to a bad faith peer review requires pleading that HCQIA immunity does not apply. If the Court accepts the argument that this is sufficient to confer jurisdiction, the practical effect would be to provide almost every aggrieved physician access to the federal courts. Doing so would in essence be creating a private remedy for physicians, something this Court is unwilling to do given the clear precedent which holds that the statute does not confer a private remedy. Had Congress wanted "almost every" one of these claims to be litigated in federal court, it would have created a private right of action. Instead, it expressly declined to do so. While this does not necessarily preclude federal jurisdiction, it offers an indication that Congress intended for these suits to remain in state court.[4] Without a cognizable federal interest or a substantial question of federal law, this Court declines to apply *Grable* if doing so would permit nearly all state law claims for bad faith peer review to be litigated in federal court.

## CONCLUSION

In light of the foregoing analysis, the case is DISMISSED.

SIGNED this 6th day of September, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[4] The purpose of the HCQIA is to improve medical care by facilitating honest peer review through the immunity provision. *Mathews v. Lancaster Gen. Hosp.*, 87 F.3d 624, 632 (3d Cir.1996) (citing H.R.Rep. No. 903, 99th Cong., 2d Sess. 2 (1986)). There is no indication that the statute was intended to benefit doctors by providing a federal forum for them to litigate claims arising out of the very peer reviews the statute was designed to foster.